Sosa v. New York City Department of Education Good morning, Your Honors, or good afternoon. May it please the Court, Philip Young here on behalf of the New York City Department of Education. The District Court correctly granted summary judgment here on Sosa's retaliation claims for two independent reasons, either one of which is sufficient to affirm. First, none of these four purportedly adverse employment actions constitute the type of materially adverse actions that would be sufficient to state a prima facie case of retaliation. And then second, even if Sosa had stated a prima facie case of retaliation, she hasn't done anything to rebut the legitimate non-retaliatory reasons the DOE has proffered for. Well, I mean, the legitimate non-retaliatory reason for the change in bathroom policy is the safety of the students, right? That you want the coverage to be by a teacher rather than an assistant. But if in fact she has this evidence that it's being applied differently between her and other teachers, or that she's more vulnerable to having to wait to go to the bathroom, might it not be plausible that it's therefore pretextual because it's directed at her, even though it purports to be a uniform policy? Sure. So I think as to the evidence that it was applied differently to other teachers, none of that was in the summary judgment record. I think some of the things she cites, too, in her brief are just new documents that were never before the court. And then as the court, as the district court noted with respect to whether this policy sort of uniquely affected her or affected her more than other teachers, there really isn't any evidence in the record of that aside from her unsighted assertion in her opposition to summary judgment that she had needed to use the bathroom more frequently. But the only evidence really that's actually in the summary judgment record is, I believe it's an email that she wrote to Assistant Principal Berman where she references a vague medical issue. And then the doctor's note that she mentioned earlier, which talks about the bathroom policy is making her, quote, stressed out. And I think especially when you consider just how minor this policy change was, it's not changing whether you can or can't go to the bathroom. All that's changing is the type of person who has to watch the class while you go to the bathroom. Even if on the margins this affected her more than other teachers, that it's not the type of adverse employment action that would deter someone from making or supporting a charge of discrimination. And why does it promote student safety to have another teacher come in as versus an assistant watching the class for the amount of time it takes to go to the bathroom? The record on that doesn't really say anything other than the importance of student safety and supervision. Based on the record we have, I can't give you much more than that. I think it was the testimony of- Well, if the legitimate non-retaliatory motive is the safety of students, should we understand why it actually promotes student safety? I mean, I think it's self-evident, right? You obviously want an individual to watch the student's class when the teacher's going out to go to the bathroom. And I would assume that the school made this policy because they thought that there was an important reason for that person to be a teacher. Who had familiarity dealing with this class every day rather than a paraprofessional. But that's not directly in the record. Really it's just testimony from a couple of school staff members as well as an email indicating the purpose of this change was student safety. But I'd note that the burden of production is relatively limited here for the Department of Education. It just has to come forward with these legitimate non-retaliatory reasons, which it has. And then the burden of production shifts back to Sosa to show that these reasons were pretextual and she just hasn't. I mean, most of the evidence she cites is not in the district court record. The few pieces of evidence that are, that she talks about, they don't really go to the fundamental question of what DOE's motivation was in implementing this policy. So I think for all of those reasons, this court can just stop at the prima facie stage and say she hasn't made out a prima facie case. You think that there's not a permissible inference from the record that they knew that she had medical conditions such that enforcement of the policy would disproportionately affect her? The evidence in the record does suggest that they knew that she had a, quote, medical history. Beyond that, I don't know what evidence. There's no evidence in the record that would suggest that they knew anything else beyond that. And I don't, again, I don't think, even if these staff members knew that she had this medical issue, I still don't know that that would change anything about whether this very minor change would dissuade a reasonable person from making or supporting a charge of discrimination, given just how minor the policy change is, just the type of person that has to watch your class when you go to the bathroom. Okay, thank you very much, Mr. Young. Thank you, Your Honor. We'll hear from Ms. Sosa again on rebuttal. Okay. The appellate argued the new bathroom policy was for safety, for students' safety. And Berman acknowledged that the bathroom policy was changed. So 109 in my report, the bathroom policy was changed. Appellate argued the new bathroom policy was student safety. Berman did not mention safety concern about student safety concern for student. It was never mentioned. Safety concern appeared only during Berman deposition. The only time safety concern for student came up was during Berman deposition. And that is page 121. The defendants heavily relied on safety argument but lacked substantial evidence. Legal proceeding cited Matthew Oppel versus the Department, the Board of Education, 1979, for document necessary in school policy to ensure transparency. Without proper justification, policy may seem arbitrary. They talk about student safety. A teacher left a student unattended without facing consequences, raising concern about the validity of the enforcement of the policy, which was not justified on the grounds of safety. The lack of consequences suggests retaliatory intent behind policy, as Berman did not express concern for student safety when a teacher left a student unattended. Evidence show Appellate Berman amongst staff not adhering to the safety rules. Page 137 and 135 of evidence. Ms. Sosa, we have the briefs. I think we understand that. That was not the real reason for the change in the policy. We'll consider the other arguments on the briefs. Do you want one final point? Could I just one final point on this?  I appreciate that. The appellee claimed Rivera and Freud as their supporting evidence. But, however, in their appellate chronic medical condition, which necessary frequent restroom access compounded by her anxiety and depression, did support the argument that restriction on medical needs represent material adverse action. As supported by the legal proceeding Crawford v. Metro Nashville Public School and Morris v. All Hand Country Fiscal Court. Such restriction aligned with ADA stipulation reaffirming the seriousness of the appellant situation. The appellant respectfully requests the court to recognize the bathroom policy adverse effects and asks for reversal of the lower court summary judgment allowing the case to proceed to a jury. Thank you on this case. Thank you very much, Ms. Sosa. The case is submitted. No, I think we have the argument. We have your briefs and we have the record. So we appreciate your time and thank you for your argument. That's the last case we're hearing today and so, therefore, we are adjourned. Oh, so you're not going to hear the rest? No, we have it. I promise. Okay, thank you.